CLOSED
CIVIL
CASE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

Case No. 02-10032-CIV-MOORE
Magistrate Judge O'Sullivan

DONAL MORRIS, SR.,
    Plaintiff,

vs.

SGT. KENNETH HOCK and
THE CITY OF KEY WEST,
    Defendants.
_____/

**ORDER GRANTING SUMMARY JUDGMENT**

FILED by _____ D.C.
JUN 2 4 2003
CLARENCE MADDOX
CLERK, U.S. DIST. CT.
S.D. OF FLA. - MIAMI

THIS CAUSE came before the Court upon Defendants' Motion for Qualified Immunity and Summary Judgment (DE #24).

This action stems from the allegedly unlawful arrest of Plaintiff Donal Morris, Sr. on April 15, 2000 in Monroe County, Florida. Morris seeks damages from Defendant Kenneth Hock, the arresting officer, pursuant to 42 U.S.C. § 1983, for arresting Morris without probable cause. Morris also seeks damages from Hock and his employer, the City of Key West, pursuant to Florida law prohibiting false arrest and imprisonment.

On April 15, 2000, Morris was arrested for battery on Noeleen Hanrahan, his companion at the time. The Circuit Court of the Sixteenth Judicial Circuit in and for Monroe County, Florida subsequently issued a domestic violence injunction prohibiting Morris from further contact with his companion, subject to exceptions (the "injunction"). Morris, accompanied by Key West Police Officer Eric Biskup, was permitted to return to the residence he shared with his companion to remove his items. Hock subsequently arrived at the residence upon Biskup's request for assistance. Hanrahan returned to the residence while Morris was removing his items and, soon after Morris left, told Hock that Morris had stolen her personal items, including her

35
/K

passport.

Acting on Hanrahan's accusation, the officers proceeded to another unit in the same housing complex where Morris and his son, Donal Morris, Jr., were present. Biskup and Hock ordered Morris to return Hanrahan's property. According to Defendants, Morris gave Hanrahan's passport and other documents to the officers, who then placed Morris under arrest for violation of the injunction.

Morris asserts that Hock lacked probable cause to arrest him and consequently violated 42 U.S.C. § 1983 and Florida law prohibiting false arrest and imprisonment. Defendants move for summary judgment on the ground that Hock is entitled to qualified immunity for the conduct underlying Morris's claims. Morris opposes the motion by asserting that a genuine issue of material fact exists regarding probable cause for the arrest. Defendants did not reply to the opposition. For the reasons set forth below, Defendants' Motion for Summary Judgment (DE #24 ) is GRANTED.

## DISCUSSION

### **Summary Judgment Standard**

The applicable standard for reviewing a summary judgment motion is unambiguously stated in Rule 56(c) of the Federal Rules of Civil Procedure:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Summary judgment may be entered only where there is no genuine issue of material fact. *Twiss v. Kury*, 25 F.3d 1551, 1554 (11th Cir. 1994). The moving party has the burden of meeting

2

this exacting standard. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). An issue of fact is "material" if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). It is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. *Id.*

In applying this standard, the district court must view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. *Id.* However, the nonmoving party:

> may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Fed. R. Civ. P. 56(e). "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

In other words, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). In determining whether this evidentiary threshold has been met, the trial court "must view the evidence presented through the prism of the substantive evidentiary burden" applicable to the particular cause of action before it. *Anderson*, 477 U.S. at 254. Summary judgment may be granted if the nonmovant fails to adduce evidence which, when viewed in a light most favorable to him, would support a jury finding in his favor. *Id.* at 254-55.

3

immunity on [plaintiff's] § 1983 false arrest claim." (internal citation omitted)).[6]

Despite Hock's testimony that he was not convinced that Morris had violated the injunction and that he was not certain that probable cause to arrest Morris existed until after he witnessed Morris in possession of Hanrahan's passport, a disputed fact at this stage, the test for probable cause is an objective one, *McCormick*, 2003 WL 21350097, at *4, and not dependent upon an officer's subjective analysis, *Rankin*, 133 F.3d at 1433-34, 1434 n.11. Similarly, while the affidavits of Farrall and Morris, Jr. raise questions about the propriety and motive behind Morris's arrest,[7] the Court's role, again, is to look into the objective reasonableness of Hock's belief that Morris had violated the injunction. *Id.* at 1433-34, 1434 n.12.

Finally, because a finding of actual probable cause also defeats claims for false arrest and imprisonment under Florida law, *id.* at 1436, Morris's state law claims against Hock and the City of Key West are also barred.[8] The Court notes, however, that qualified immunity is only a defense to federal claims. *Andreu v. Sapp*, 919 F.2d 637, 640 (11th Cir. 1990). Thus, had the Court found that only arguable probable cause and not actual probable cause existed, the subsequent establishment of qualified immunity, by itself, would not have defeated the state law claims. Accordingly, it is

---

[6]While Hock had actual probable cause to arrest Morris, Hock also had arguable probable cause, "which is all that is required for an arresting officer to be entitled to qualified immunity from a Fourth Amendment claim." *Wood*, 323 F.3d at 881 n.13.

[7]The affidavits allege that Hock called Morris and Morris, Jr. "I.R.A. terrorists," as well as other derogatory names, and later made a lewd gesture and comment to them, again making reference to their Irish nationality. (Pl.'s Mem. in Opp'n to Defs.' Mot. for Summ. J. Exs. A & B.)

[8]Although Florida law does not distinguish between actual and arguable probable cause, the probable cause analysis under state law substantively mirrors that of actual probable cause under federal law. *Id.* ("The only difference in the probable cause analysis applicable to the state and federal claims at issue here is which party carried the burden of proving whether probable cause existed.").

10

Additionally, the nonmoving party must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial and requires the court to grant the motion for summary judgment. *Id.*

## Qualified Immunity

To state a claim under § 1983, a plaintiff must prove that the defendant, under color of state law, deprived him of a right protected under the Constitution or laws of the United States. *Little v. City of N. Miami*, 805 F.2d 962, 965 (11th Cir. 1986). Here, Morris alleges that Hock violated his rights under the Fourth and Fourteenth Amendments by arresting him without probable cause. However, a government official performing discretionary functions is generally shielded from liability where his conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Using this standard, qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

A two-part analysis is applied to a qualified immunity defense. First, "the defendant government official must prove that he was acting within the scope of his discretionary authority when the allegedly wrongful act[] occurred." *Hartsfield v. Lemacks*, 50 F.3d 950, 953 (11th Cir. 1995). If this burden is met, "the plaintiff must then demonstrate that the defendant violated clearly established law based upon objective standards." *Id.* A law is "clearly established" by precedents of the Supreme Court, the Eleventh Circuit, or "the highest court of the state in which

4

the case arose." *Thomas ex rel. Thomas v. Roberts*, 323 F.3d 950, 953 (11th Cir. 2003). The Supreme Court recently modified this Circuit's standard for whether the law is "clearly established," holding that the standard is not whether preexisting law provides a set of "materially similar" facts, but "[w]hether the state of the law [at the time in question] gave [the defendants] fair warning that their alleged [conduct] was unconstitutional." *Hope v. Pelzer*, 536 U.S. 730, 741 (2002).[1]

Morris apparently does not contest that Hock was acting within his discretionary authority when he made the arrest, and the Court likewise finds that the officer was indeed acting within that authority. Morris then has the burden to prove: (1) Hock violated a federal constitutional right; and (2) the right was clearly established at the time of the violation. *Hartsfield*, 50 F.3d at 953. If no constitutional violation is established, then Defendants prevail and no further inquiry concerning qualified immunity is necessary. *Dahl v. Holley*, 312 F.3d 1228, 1233 (11th Cir. 2002).

---

[1] Although this aspect of qualified immunity is not pivotal to the present case, it is necessary, unfortunately, to point out Defendants' negligence in their research of the issue. In arguments in their memorandum of law in support of summary judgment, Defendants cite cases, including *Lassiter v. Ala. A & M Univ.*, 28 F.3d 1146 (11th Cir. 1994), to support the proposition that a defendant official violates a "clearly established statutory or constitutional right," and thus surrenders qualified immunity, only where "pre-existing law . . . dictate[s], that is truly compel (not just suggest or allow a question to be raised about) the conclusion for every like-situated, reasonable government agent that what Defendant is doing violates federal law *in the circumstances.*" *Id.* at 1550. This standard for a reasonable government actor's knowledge of "clearly established law" was clearly abrogated by the "fair warning" holding in *Hope*, which expressly disapproved of this Circuit's previous "rigid gloss on the qualified immunity standard." 536 U.S. at 739 (citing with disapproval *Lassiter*, 28 F.3d at 1150). Although *Hope* "did not change the preexisting law of the Eleventh Circuit much," *Willingham v. Loughnan*, 321 F.3d 1299, 1300 (11th Cir. 2003), Defendants nonetheless patently misstated the law. The Court admonishes Defendants to carefully review future research before presenting arguments supported by that research to the Court.

5

**Probable Cause**

The arrest does not violate Morris's constitutional rights if Hock has probable cause for the arrest. *Wood v. Kesler*, 323 F.3d 872, 878 (11th Cir. 2003). "Probable cause to arrest under federal law exists when an arrest is objectively reasonable based on the totality of the circumstances." *McCormick v. City of Fort Lauderdale*, No. 01-16567, 2003 WL 21350097, at *4 (11th Cir. June 11, 2003). "This standard is met when the facts and circumstances within the *officer's knowledge*, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Id.* "Probable cause does not require overwhelmingly convincing evidence, but only 'reasonably trustworthy information.'" *Ortega v. Christian*, 85 F.3d 1521, 1525 (11th Cir. 1996) (quoting *Marx v. Gumbinner*, 905 F.2d 1503, 1506 (11th Cir. 1990)). Moreover, "[b]ecause many situations which confront officers in the course of executing their duties are more or less ambiguous, room must be allowed for some mistakes on their part." *Marx*, 905 F.2d at 1507 (citation omitted).

For an officer to receive qualified immunity protection, he need only have *arguable* probable cause. *Wood*, 323 F.3d at 878. "[T]he inquiry [for arguable probable cause] is not whether probable cause actually existed," *Montoute v. Carr*, 114 F.3d 181, 184 (11th Cir. 1997), but rather is a step less stringent. To determine if arguable probable existed, a court looks to "whether an officer reasonably could have believed that probable cause existed, in light of the information the officer possessed." *Id.* Because the Court finds that, for the reasons set forth below, Hock had actual probable cause to arrest Morris, an analysis of arguable probable cause is unnecessary.

Morris was arrested for violating the injunction, issued pursuant to Fla. Stat. § 741.30,[2] by allegedly taking Hanrahan's personal property. The injunction provides in relevant part that Morris:

> in the presence of a law enforcement officer, may make a single visit to the premises described in the paragraph above [the residence he shared with Hanrahan] for the purpose of obtaining his or her clothing and items of personal health and hygiene and tools of the trade. A law enforcement officer . . . shall accompany [Morris] to the home and must stand by while he/she takes his/her personal items.

(Pl.'s Compl. Ex. B at 4.)

Defendants base their probable cause assertion on the alleged facts that (1) the officers saw Morris retrieve Hanrahan's passport and personal papers from his suitcase and give them to Hock, and (2) Hanrahan's oral complaint to Hock that Morris stole her personal papers and passport. Viewing the evidence in the light most favorable to Morris, the nonmovant, the Court finds that a genuine issue of material fact exists as to the first proposed ground for probable cause. Because the issue of whether Morris actually possessed Hanrahan's passport and personal papers and handed them to the officers is disputed by the affidavits of Brian Farrall and Donal Morris, Jr., Morris's son (Pl.'s Opp'n to Defs.' Mot. for Summ. J. Exs. A & B), probable cause cannot be found and, consequently, summary judgment cannot be granted, on this ground.[3]

---

[2] The statute authorizes the issuance and enforcement of domestic violence injunctions. Fla. Stat. § 741.30 (2000) (amended Jan. 1, 2003).

[3] In his deposition testimony, Morris stated that he did in fact have Hanrahan's passport and returned it to Hock. However, Morris later submitted an *errata* sheet and accompanying affidavit to amend his testimony to reflect his confusion regarding the questioning and to correct his deposition testimony to state that he did not have the passport. Defendants move to strike the *errata* sheets. The Court need not address this issue, because (1) the Farrall and Morris, Jr. affidavits, alone, create a genuine issue of material fact as to Morris's possession of Hanrahan's passport, and, (2) as discussed below, probable cause to arrest Morris existed based solely on the undisputed fact that Hanrahan told the officers that Morris took her personal property and the circumstances surrounding that statement.

7

The question remains, however, whether Hanrahan's complaint to Hock created probable cause for Morris's arrest. Neither party cites a case regarding whether Hanrahan's complaint to Hock, by itself, constitutes probable cause. Given the circumstances surrounding the arrest, the Court finds that probable cause existed.

First, a victim's statement is generally sufficient to support probable cause. *Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000), regardless of the ultimate veracity of the statement, *Bernard v. United States*, 25 F.3d 98, 103 (2d Cir. 1994); *see also Grimm v. Churchill*, 932 F.2d 674 (7th Cir. 1991) (holding that statement by alleged victim to police regarding ethnic intimidation sufficient for probable cause); *Gramenos v. Jewel Cos.*, 797 F.2d 432, 439 (7th Cir. 1986) ("When an officer has received his information from some person--normally the putative victim or an eye witness--who it seems reasonable to believe is telling the truth, he has probable cause." (internal quotations and citation omitted)); *Bryant v. Noether*, 163 F. Supp. 2d 98, 108 (D.N.H. 2001) ("Although not a *per se* rule, a victim's statement will generally suffice to support probable cause, absent some reason to doubt the victim's reliability."); Fla. Jur 2d Crim. Law § 77 (West 2003) ("Information supplied by witnesses and victims may be sufficient by itself to constitute probable cause for an arrest; in this regard, citizen information need not be independently verified prior to making an arrest." (internal citation omitted));[4] *see also Rankin v.*

---

[4] A Florida case in which an individual was accused of violating a domestic violence injunction issued under Fla. Stat. § 741.30 provides further guidance. In *Johnson v. State*, 567 So. 2d 32 (Fla. 1st D.C.A. 1990), a woman complained to police that her ex-husband threatened and attempted to harm her despite the fact that an injunction had been issued against him for her protection. After verifying the existence of the injunction and speaking with the manager of the bar at which the ex-husband was patronizing, the law enforcement officer searched the ex-husband and later found a gun in his car. The court held that, based on the alleged victim's complaint and the bar manager's complaint to the officer that the ex-husband was causing a disturbance, the officer had probable cause to believe that the individual violated the injunction. *Id.* at 33.

8

*Evans*, 133 F.3d 1425, 1441 (11th Cir. 1998) ("Generally, an officer is entitled to rely on a victim's criminal complaint as support for probable cause."); *United States v. Simpson*, 484 F.2d 467, 468 (5th Cir. 1973) (per curiam) (holding that victim's statement to police that she had been kidnapped, assaulted and raped, and providing description of perpetrator and his location constituted probable cause for arrest).[5]

Aside from Hanrahan's mere words to Hock, the surrounding circumstances could have led a prudent person in Hock's position to reasonably rely on Hanrahan's statement and believe that Morris violated the injunction. Soon after Morris left the residence, Hanrahan told Hock that Morris took her property. In addition, Hanrahan made the accusation on the heels of a state court injunction, of which Hock had knowledge, issued upon accusations of violence against her. Indeed, Hanrahan's statements regarding that violence are presumably the foundation upon which Morris was first arrested and on which the injunction was issued. (*See* Pl.'s Compl. Ex. B at 2.) Hock, therefore, was in a position to deem Hanrahan's statement reasonably reliable and trustworthy. The sum of these circumstances establishes that a prudent officer in Hock's position would have had probable cause to arrest Morris based on Hanrahan's accusation that he wrongfully took her personal property. Consequently, Morris's constitutional rights were not violated and Hock is entitled to qualified immunity against the pending claims. *Wood*, 323 F.3d at 880-81 ("In sum, [the officer] had actual probable cause to . . . arrest [plaintiff]. Because [plaintiff] has not established a Fourth Amendment violation, [the officer] is entitled to qualified

---

[5]All decisions issued by the former Fifth Circuit prior to October 1, 1981, have been adopted as binding precedent for the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

ORDERED AND ADJUDGED that Defendants' Motion for Qualified Immunity and Summary Judgment (DE #24) is GRANTED. All of Plaintiff's claims against Defendants are DISMISSED. The Clerk of Court is directed to CLOSE this case. All pending motions not otherwise ruled upon are DENIED as moot.

DONE AND ORDERED in Chambers at Miami, Florida, this 24th day of June, 2003.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record